[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
There are three motions presently before the court for decision. The plaintiff and counsel for the defendants appeared and presented oral arguments at the short calendar on July 19, 1993.
On May 18, 1993, this court granted the plaintiff's motion to compel the defendant Freedom of Information Commission (FOI) to issue a revision of its Advisory Opinion No. 71, in compliance with the court's earlier order (Spada, J.) The FOI did issue a revised advisory opinion on June 25, 1993, and the plaintiff has appealed therefrom. No scheduling orders have been issued by the court in connection with that appeal; specifically, the FOI has not yet filed the record with the court. The foregoing procedural facts were given to the court during oral argument and are undisputed. They provide an essential background for the court's ruling on some of the issues to be decided.
On May 26, 1993, the plaintiff filed a motion to correct the record (File No. 124), and the defendant Town of Glastonbury filed an objection thereto (File No. 125). Since the record on which the FOI's revised Advisory Opinion No. 71 was based has not yet been filed, it would be premature to consider motions to correct it. Indeed, counsel for the FOI stated at oral argument that he does not know whether or not the CT Page 6635 letter which is the subject of the plaintiff's motion will be part of the record on appeal. The court, therefore, declines to act at this time on the plaintiff's motion or the defendant's objection.
On June 22, 1993, the plaintiff filed an "Objection to Motion for Protective Order and Request for Sanctions" (File No. 127). This was in response to the defendant FOI's "Motion for Temporary Restraining Order", filed May 18, 1993 (File No. 123). The FOI's motion sought an order of the court to prohibit the plaintiff from approaching within 1000 feet of the residence of one of the FOI staff attorneys. The plaintiff has, in the meantime, apologized to the attorney and stated to this court on the record that he will not approach the attorney's residence in the future. For its part, the FOI, through its attorney, has not pursued its motion.
The court has carefully considered the plaintiff's request for sanctions against the FOI attorney. First, the court does not find that the FOI's motion was frivolous. The plaintiff has basically admitted engaging in the conduct to which the motion was addressed, although he denies harboring any of the motives ascribed to that conduct by the FOI. Secondly, the court finds that the FOI made a reasonable, timely and effective effort to advise the plaintiff in advance that it would not pursue its motion at an earlier session of the short calendar, but would allow it to go "off". The plaintiff contends that he should be compensated for legal expenses he incurred before learning that the FOI would not press its motion to the court. Under the circumstances of this case, as summarized above, however, the court concludes that such a sanction would not be warranted. Accordingly, the court takes no action on the FOI's motion and denies the plaintiff's request for sanctions.
On June 22, 1993, the plaintiff filed a "Motion to Strike and Request for Sanctions" (File No. 126). This motion relates to some documents filed with the court by the Town of Glastonbury on May 18, 1993. The plaintiff contends that the court had, in effect, excluded those documents in a ruling rendered from the bench at a hearing on May 17. The motion to strike is denied at this time, again because it is premature, the record not yet having been filed. The plaintiff suggests that the court should sanction the town's attorney because, he argues, the attorney disobeyed the court's ruling at the hearing CT Page 6636 on May 17. However, the court accepts the attorney's explanation that he simply wanted to add to the file certain documents from which he had quoted during oral argument. There is no basis for sanction, and the plaintiff's request is denied.
Maloney, J.